[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 13, 2010
JOHN LEY
CLERK

No. 09-15383

D. C. Docket No. 08-20690-CV-PAS

JUSTO OJEDA,

Plaintiff-Appellant,

versus

LOUISVILLE LADDER INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

(December 13, 2010)

Before DUBINA, Chief Judge, BLACK and FAY, Circuit Judges.

PER CURIAM:

Justo Ojeda, a handyman, was injured when a step ladder that he was using collapsed. The ladder was owned by one of his customers. Ojeda brought a products liability action against the step ladder's manufacturer, Louisville Ladder, Inc., seeking to recover under state law theories of strict liability and negligence. After the case was removed to federal court, the district court granted summary judgment for the manufacturer on both causes of action. Ojeda now appeals, contending that decision was in error. He also challenges the district court's denial of his motion to file a supplemental affidavit.

**I.**

"We review *de novo* the district court's grant of summary judgment." *Fanin v. U.S. Dep't of Veterans Affairs*, 572 F.3d 868, 871 (11th Cir. 2009). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). "Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant. For factual issues to be considered genuine, they must have a real basis in the record." *Ellis v. England*, 432 F.3d 1321, 1325-26 (11th Cir. 2005) (citation and quotation marks omitted). "[M]ere conclusions and unsupported

factual allegations are legally insufficient to defeat a summary judgment motion." *Id.* at 1326.

Ojeda contends that Louisville Ladder was not entitled to summary judgment because it did not produce affidavits in support of its motion showing that no genuine issue of material fact existed. But a party seeking summary judgment is not required to support its motion with affidavits. *See* Fed. R. Civ. P. 56(b) ("A party against whom relief is sought may move, *with or without supporting affidavits*, for summary judgment on all or part of the claim." (emphasis added)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986) ("[A] motion for summary judgment may be made pursuant to Rule 56 with or without supporting affidavits." (citation and quotation marks omitted)). The moving party is required only to "inform[] the district court of the basis for its motion, and identify[] those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323; 106 S. Ct. at 2553 (citation and quotation marks omitted).

Louisville Ladder moved for summary judgment after the discovery period ended, arguing that summary judgment was proper because Ojeda, who conducted no discovery, had not produced any evidence establishing that the ladder had a

defect.  *See id.* at 325, 106 S. Ct. at 2554 ("[T]he burden on the moving party may be discharged by 'showing' – that is pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case.").

In response, Ojeda produced his own affidavit, in which he stated: "I am of the opinion that the ladder . . . was defective" because of its "improper design, shape, size, and configuration."  Ojeda also stated that, in his opinion, the ladder collapsed because its "lateral and angular support [did] not properly support[] [his] weight."  These conclusory statements do not establish a disputed issue of material fact.  Under Rule 56(e), an "opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(e).  First, the former statement is merely a legal conclusion.  *See Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991) (A nonmoving party may not defeat summary judgment by "simply relying on legal conclusions or evidence which would be inadmissible at trial.  The evidence presented cannot consist of conclusory allegations or legal conclusions."  (citations omitted)).  Moreover, both statements would be inadmissible at trial as improper lay witness testimony.  Fed. R. Evid. 701(c) (A lay witness may not offer testimony "based on scientific, technical, or other specialized knowledge").

4

Ojeda also asserts in his affidavit that at the time that the ladder collapsed he was using it "within the manufactur[er's] specifications." He contends that this assertion entitles him to the *Cassisi* inference, *see Cassisi v. Maytag Co.*, 396 So. 2d 1140, 1148 (Fla. Dist. Ct. App. 1981), which is "a legal inference [arising under Florida law] . . . that the subject product was defective at both the time of the injury and the time of sale when that product malfunctions during [its] normal operation." *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1258 (11th Cir. 2002) (citation and quotation marks omitted); *see also Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1295 n.9 (11th Cir. 2005) ("A *Cassisi* inference only obviates the need to prove a defect; a plaintiff still bears the burden to show that the defect caused his injuries."); *McCorvey*, 298 F.3d at 1260 ("Whether or not a product survives the malfunction, 'the facts essential for the inference's application are simply proof of the malfunction during normal operation.'" (quoting *Cassisi*, 396 So. 2d at 1151)). To be entitled to the *Cassisi* inference, Ojeda must show that the ladder malfunctioned during "its normal operation." *See Cassisi*, 396 So. 2d at 1148. Ojeda's statement that he was using the ladder within the manufacturer's specifications is insufficient; it is merely a conclusory allegation that has no probative value because it is not supported by specific facts. *See* Fed. R. Civ. P. 56(e)(2) (affidavit submitted in response to summary judgment motion must "set

5

out *specific facts* showing a genuine issue for trial" (emphasis added)); *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000) ("'This court has consistently held that conclusory allegations without specific supporting facts have no probative value.'" (quoting *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985)). Therefore, the district court did not err in concluding that Ojeda had not presented sufficient facts to invoke the *Cassisi* inference.

Because Ojeda did not present evidence establishing the existence of a defect, and because he is not entitled to the *Cassisi* inference, summary judgment for Louisville Ladder was proper. *See Cassisi*, 396 So. 2d at 1143; *see also Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) ("A court should grant summary judgment when, after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case.").

## II.

Ojeda also challenges the district court's denial of his motion to file a supplemental affidavit. We review that decision only for abuse of discretion. *See Goulah v. Ford Motor Co.*, 118 F.3d 1478, 1483 (11th Cir. 1997). "An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings

6

of fact that are clearly erroneous." *Hudson v. Int'l Computer Negotiations, Inc.*, 499 F.3d 1252, 1261 (11th Cir. 2007) (citation and quotation marks omitted). The district court denied Ojeda's motion because he could not show excusable neglect "for failing to submit the new evidence in the [supplemental affidavit] until after the deadline for its summary judgment opposition." *See Farina v. Mission Inv. Trust*, 615 F.2d 1068, 1076 (5th Cir. 1980) ("[A]bsent an affirmative showing by the non-moving party of excusable neglect according to [Federal Rule of Civil Procedure] 6(b) a court does not abuse its discretion when it refuses to accept out-of-time affidavits.").[1] Ojeda contends the district court's decision was error because Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings should be "freely give[n] . . . when justice so requires." However, an affidavit is not a pleading, *see* Fed. R. Civ. P. 7(a), and Ojeda has not offered any explanation for his failure to include the additional facts in his original affidavit. No abuse of discretion occurred.

    **AFFIRMED.**

---

[1]In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.